UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TINA R. RIGGS, )
 )
 Plaintiff, )
 )
 v. ) No. 4:08CV998 FRB
 )
ERIC K. SHINSEKI,[1] Secretary of )
Veterans Affairs, et al., )
 )
 Defendants. )

**MEMORANDUM AND ORDER**

This cause is before the Court on plaintiff Tina R. Riggs' Complaint for judicial review of an adverse decision by the Merit Systems Protection Board (MSPB) on plaintiff's "mixed case appeal" regarding the termination of her employment from the Department of Veterans Affairs. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). Defendant MSPB now moves to dismiss plaintiff's Complaint to the extent relief is sought from MSPB, arguing that MSPB is not a proper party to the cause. For the following reasons, defendant's motion should be granted.

**I. Background**

In her Complaint, plaintiff makes the following averments

---

[1] Erik K. Shinseki became the Secretary of Veterans Affairs on January 21, 2009. Pursuant to Fed. R. Civ. P. 25(d)(1), Erik K. Shinseki is therefore automatically substituted for Secretary James B. Peake as defendant in this cause. No further action to effectuate this substitution is required.

and allegations:

Plaintiff was employed as a police officer by the Department of Veterans Affairs (VA) and was assigned to the VA Medical Center in St. Louis, Missouri. Effective February 26, 2007, plaintiff was removed from her position as a police officer at the VA Medical Center for allegedly failing to secure a police weapon and allegedly making a false statement to a supervisor. Plaintiff responded to this proposed removal but it was upheld by VA officials. The VA's Office of Employment Discrimination Complaint Adjudication issued a decision on the matter on September 26, 2007, upholding plaintiff's removal. On October 12, 2007, plaintiff appealed her removal to the MSPB arguing that there was no basis upon which to find that she committed the offenses specified in the removal letter and, further, that her removal was on account of gender discrimination.

On February 14, 2008, an Administrative Law Judge (ALJ) with the MSPB issued an initial decision affirming plaintiff's removal. The ALJ specifically found the VA to have proved its reasons for removing plaintiff from her employment for cause to promote the efficiency of the service. The ALJ also found plaintiff not to have demonstrated that her removal was the result of gender discrimination. Plaintiff petitioned the MSPB for review of this decision and, on June 6, 2008, the MSPB denied plaintiff's request. The ALJ's decision thus became the final decision of the

MSPB.

Plaintiff filed the instant cause of action on July 9, 2008, naming the MSPB and the Secretary of Veterans Affairs as defendants in the cause. In her two-count Complaint, plaintiff alleges, first, that defendant Secretary unlawfully discriminated against her in her employment on account of her gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. In Count II, plaintiff alleges that defendant MSPB erred in its decision to affirm the agency's removal of plaintiff from her employment for cause to promote the efficiency of the service, inasmuch as such decision was not supported by substantial evidence.

In the instant Motion to Dismiss, defendant MSPB argues that it is not a proper party defendant to an employment discrimination action brought under 42 U.S.C. § 2000e-16(a), and thus that plaintiff's claims against it should be dismissed.

## II. Discussion

"Any employee . . . adversely effected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision." 5 U.S.C. § 7703(a)(1). "Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c))[.]" 5 U.S.C. § 7703(b)(2). In actions brought under § 2000e-16, the head of the

employing department or agency shall be the defendant. 42 U.S.C. § 2000e-16(c).

To the extent plaintiff brings a claim under § 2000e-16(a) that she was unlawfully discriminated against in her employment on account of her gender, defendant MSPB is correct in its assertion that only the head of the employing agency can be named as a defendant to the claim. 42 U.S.C. § 2000e-16(c). However, construing plaintiff's Complaint to raise only an employment discrimination claim is too limited of a reading of the claims raised in this cause of action.

Plaintiff brings this action seeking judicial review of the MSPB's adverse decision in her "mixed case appeal." A "mixed case appeal" is an appeal filed with the MSPB "that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. § 1614.302(a)(2); see 5 C.F.R. § 1201.3 (establishing appealable agency actions). A mixed case appeal is one within the MSPB's jurisdiction that "presents an appealable non-discrimination claim coupled with a discrimination claim." Sloan v. West, 140 F.3d 1255, 1259 (9th Cir. 1998). When the MSPB takes a mixed case appeal, it must consider both the discrimination claim and the adverse personnel action. Frank v. Ridge, 310 F. Supp. 2d 4, 8 (D.D.C. 2004). Upon receipt of the MSPB's final decision in the matter, the aggrieved

employee may appeal the entire case to the federal court for judicial review. Id.

In the underlying action, plaintiff brought a mixed case appeal to the MSPB arguing that the VA unlawfully terminated her employment on account of gender discrimination and that there was no basis to remove plaintiff from her employment to promote the efficiency of the service inasmuch as the VA could not demonstrate that she committed the offenses specified in the removal letter.[2] In its decision, the MSPB considered both the discrimination claim and the adverse personnel action. The instant cause of action represents plaintiff's appeal of the entire case, as demonstrated by the two counts of plaintiff's Complaint distinguishing between her claim of discrimination and her challenge to the merits of the underlying personnel action.

In any proceeding brought under 5 U.S.C. § 7703(a) seeking judicial review of an adverse decision of the MSPB, "[t]he Board shall be named respondent . . . , *unless the employee* [] *seeks review of a final order or decision on the merits on the underlying personnel action*[.]" 5 U.S.C. § 7703(a)(2) (emphasis added). In such cases, "the agency responsible for taking the personnel action shall be the respondent." Id. In cases where

---

[2]"The Board has jurisdiction over appeals from agency actions when the appeals are authorized by law, rule, or regulation. These include appeals from the following actions: . . . Removal [] for cause that will promote the efficiency of the service." 5 C.F.R. § 1201.3(a)(2).

only MSPB procedure or jurisdiction is challenged, the MSPB is the proper party defendant. Spruill v. Merit Sys. Prot. Bd., 978 F.2d 679, 686 (Fed. Cir. 1992). However, when the underlying merits of the agency action is involved, the employing agency is the proper defendant. Id. Because Count II of plaintiff's Complaint here challenges the merits of the personnel action taken by the Department of Veterans Affairs, said agency is the proper party defendant. Accordingly, MSPB must be dismissed.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Merit Systems Protection Board's Motion to Dismiss (Docket No. 9) is granted.

**IT IS FURTHER ORDERED** that Merit Systems Protection Board is hereby dismissed as a defendant in the cause.

**IT IS FURTHER ORDERED** that plaintiff is granted to and including **May 12, 2009**, by which to file an Amended Complaint so as to name the proper party defendant with respect to the claim raised in Count II.[3]

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _28th_ day of April, 2009.

---

[3] Such Amended Complaint shall also comply with Fed. R. Civ. P. 10(a) which requires every pleading to "have a caption with the court's name[.]" In the caption of plaintiff's original Complaint, "United States of America, Merit Systems Protection Board, Central Regional Office" is erroneously identified as the court.