UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TINA R. RIGGS,<br><br>      Plaintiff,<br><br>v.<br><br>ERIC K. SHINSEKI, SECRETARY OF<br>      VETERANS AFFAIRS and<br>DEPARTMENT OF VETERANS<br>AFFAIRS,<br><br>      Defendants. | Cause No. 4:08CV998 FRB<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Tina R. Riggs and for her First Amended Complaint against Defendant Eric K. Shinseki, Secretary of Veterans Affairs, states as follows:

1. Plaintiff Tina R. Riggs brings the Complaint herein against Defendant Shinseki for gender discrimination in the form of disparate treatment in disciplinary actions and removal and for review of the decision and order of the Merit Systems Protection Board affirming Plaintiff's removal from employment from Defendant Shinseki's agency.

2. Jurisdiction in this Court over Count I of this Complaint is based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., specifically 42 U.S.C. Sections 2000e-3(a), 2000e-5(f)(3), 2000e-5(g), 2000e-16©, and 5 U.S.C. Section 7702(e)(3) and 29 C.F.R. Sections 1614.310(a) and 1614.407©). Jurisdiction in this Court over Count II is based on 5 U.S.C. Section 7703(b)(2).

3. Venue is proper pursuant to 42 U.S.C. Section 2000e-5(f)(3), as all of the

unlawful employment actions occurred in the City and County of St. Louis, Missouri, within the jurisdiction of this Court.

4. Plaintiff is a female resident of the State of Illinois, but was employed by Defendant Shinseki at the Department of Veterans Affairs' facilities in the City and County of St. Louis, Missouri, within the territorial jurisdiction of this Court.

5. Defendant Shinseki, who is being sued in his official capacity, is the Secretary of the United States Department of Veterans Affairs, an executive agency of the United States Government within the meaning of 42 U.S.C. 2000e-16(a), which operates the St. Louis Veterans Affairs Medical Center, with facilities in the City and County of St. Louis, Missouri, within the jurisdiction of the United States District Court, Eastern District of Missouri. Upon information and belief, the mission of Defendant Shinseki at the St. Louis Veterans Affairs Medical Center is to provide in-patient and out-patient medical care and services to eligible veterans. Defendant Shinseki is the successor in office to James B. Shinseki, who was Secretary of Veterans Affairs at the time of the events underlying the causes of action herein.

6. Defendant Shinseki at all times relevant herein was acting by and through his agents, servants, and employees, all of whom were acting within the scope and course of their employment and with full knowledge and control of the Defendant Shinseki.

7. Defendant Shinseki (through the Department of Veterans Affairs) is an employer within the meaning of the Civil Rights Act of 1964, 42 U.S.C. 2000e, in that Defendant Shinseki is, and was at all times pertinent to this cause of action herein, the

Secretary of an executive agency of the United States of America, employing more than three hundred fifty (350) persons.

8. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9. Plaintiff was employed by the Defendant Shinseki as a Police Officer, GS-0083-06, for the Department of Veterans Affairs at the VA Medical Center in St. Louis, MO.

10. Effective February 26, 2007, the Defendant Shinseki removed Plaintiff from her position as a Police Officer, GS-0083-06, at the Veterans Affairs Medical Center in St. Louis, citing her alleged failure to properly secure a police weapon and her allegedly making a false statement to a supervisor.

11. As the basis for the alleged failure to secure a police weapon, Defendant Shinseki cited Plaintiff's misplacing of a PR-24 Side Handle Baton at the end of a workday. On November 19, 2006, Plaintiff placed the baton on a table in the VA Police Officers' work area and left for the day. The baton was missing when she returned the next work day.

12. Defendant Shinseki charged Plaintiff with a violation of VA Police Standard Operating Procedure 91, Defendant Shinseki's weapons policy. At roughly the same time, Chris Thomas, a male VA police officer, also misplaced his PR-24 Side Handle Baton in violation of SOP 91, but was not disciplined for the violation.

13. On July 10, 2006, Plaintiff reported to Defendant Shinseki, through her

supervisors, that one of her co-workers, VA Police Officer Larry D. Vance, had driven dangerously close to her in his VA Police vehicle while she was standing near an entrance to the VA facility in which both worked. Defendant Shinseki's Chief of Police Larry Heusohn purportedly conducted an investigation of the incident, and absolved Vance of any fault in the incident. Instead, Heusohn stated that he believed that Plaintiff had falsely accused Vance of trying to run her over with the VA Police vehicle.

14. This "finding" that Plaintiff had falsely accused Vance of attempting to run her over runs counter to any reasonable evaluation of the evidence concerning the incident, including a DVD recording taken from a surveillance camera and the statements given by the participants. Instead, Heusohn's acceptance of Vance's version of the incident over Plaintiff's was motivated by a desire to absolve a male police officer of an accusation by a female officer. Nevertheless, the Defendant Shinseki cited Plaintiff's alleged false statement as part of his Department's rationalization for removing Plaintiff from the service.

15. On June 5, 2006, Defendant Shinseki suspended Plaintiff for five days, in part for allegedly violating VA weapons procedures policy. Defendant Shinseki claimed that Plaintiff had laid a loaded, fully charged, and unsafe firearm on the gun clearing counter. However, the Defendant Shinseki failed to take any disciplinary action against Officer Jeffrey Schanz, a male officer who also implicated in the incident.

16. Defendant Shinseki's officials have also reprimanded Plaintiff for taking "bathroom breaks," i.e., leaving her post for short periods of time without informing her

superiors. At the same time, however, Defendant Shinseki failed to take equivalent action against male officers who similarly leave their posts without contacting their superiors.

17.     While Defendant Shinseki was considering taking disciplinary action against Plaintiff for these alleged violations, Plaintiff requested medical leave for outpatient surgery for fertility treatments in her pelvic area. Chief Heusohn pressed Plaintiff for details about Plaintiff's treatment, despite the sensitive, gender-based nature of the condition. Heusohn additionally contacted Plaintiff's physician to obtain details about Plaintiff's condition and procedure, in violation of Plaintiff's HIPAA rights.

18.     Defendant Shinseki's officials have also falsely stated that Plaintiff's co-workers did not respect Plaintiff and did not like to work with Plaintiff.

19.     Defendant Shinseki proposed to remove Plaintiff from employment effective February 27, 2007. The notice of removal was dated December 12, 2006 and Defendant Shinseki's final decision was dated February 9, 2007.

20.     Plaintiff responded to the proposed removal, but it was upheld by Defendant Shinseki's officials. Defendant Shinseki's Office of Employment Discrimination Complaint Adjudication issued a Final Agency Decision on September 26, 2007, finding no discrimination.

21.     On October 12, 2007, Plaintiff appealed the removal action on a timely basis to the Merit Systems Protection Board, on the basis that there was no basis for finding her guilty of the charges specified in the removal letter and that Defendant

Shinseki discriminated against her on the basis of sex when he removed her.

22.     By an Initial Decision dated February 14, 2008, an Administrative Judge of the Merit Systems Protection Board affirmed Plaintiff's removal from employment on the basis that Defendant Shinseki had proved its reasons for removing Plaintiff from employment by a preponderance of the evidence under 5 C.F.R. Section 1201.56(a) and that Defendant Shinseki removed Plaintiff for such cause as promotes the efficiency of the service under 5 U.S.C. Section 7513(a) and 5 C.F.R. Section 752.403(a).  The Administrative Judge also found that Plaintiff had failed to carry her burden of proving that Defendant's decision to remove her was the result of gender discrimination against her.  A copy of the Initial Decision is attached hereto as Exhibit A.

23.     On March 20, 2008, Plaintiff filed a timely petition of review with the full Merit Systems Protection Board, on both the issues of the removal of Plaintiff from her position as a Police Officer and the gender discrimination she suffered.  On June 6, 2008, the Merit Systems Protection Board issued its Final Order, which was received by Plaintiff's undersigned representative on June 10, 2008.  The Merit Systems Protection Board concluded that there was no new, previously unavailable evidence and that the Administrative Judge made no error in law or regulation that affects the outcome.  A copy of the Final Order is attached hereto as Exhibit B.

24.     Plaintiff files this action under 5 U.S.C. Section 7703(b)(2) to seek review of her discrimination and other claims.

## COUNT I

# VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

COMES NOW Plaintiff, for Count I of her First Amended Complaint against Defendant Shinseki, and states to the Court as follows:

25. Plaintiff repleads and incorporates by reference as if more fully set forth, each and every one of the allegations set forth above.

26. Plaintiff filed timely charges of gender discrimination and has met all of the jurisdictional prerequisites as a federal employee to bringing this cause of action.

27. Defendant Shinseki discriminated against Plaintiff because of her gender, female, by enforcing the agency's policies against her in a disparate manner, while failing and refusing to enforce said policies against male employees who allegedly violated said policy in the same manner.

28. Defendant Shinseki, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.* discriminated against Plaintiff on the basis of her gender, female, when it terminated her.

29. As a direct result of Defendant Shinseki's discriminatory conduct, Plaintiff has lost and will continue to lose wages, benefits, and other fringe and financial benefits incident to employment.

30. As a direct result of Defendant Shinseki's discriminatory actions, Plaintiff has suffered pain, emotional distress and loss of enjoyment of life.

31. Defendant Shinseki's conduct was deliberate, intentional and shows an evil motive or reckless or callous indifference to Plaintiff's rights to employment without

gender discrimination and warrants an award of punitive damages in such sum as will serve to punish Defendant Shinseki and deter Defendant Shinseki and others from like conduct in the future.

32.     Defendant Shinseki's conduct has caused Plaintiff to incur attorney's fees and the costs of this litigation.

## COUNT II

## REVIEW OF MERIT SYSTEMS PROTECTION BOARD ORDER

COMES NOW Plaintiff, for Count II of her Complaint against Defendants Eric K. Shinseki and Department of Veterans Affairs, and states to the Court as follows:

33.     Plaintiff repleads and incorporates by reference as if more fully set forth, each and every one of the allegations set forth above.

34.     Plaintiff herein seeks review of the Final Order of the Merit Systems Protection Board, which finalized the initial decision of the Administrative Judge that affirmed Plaintiff's removal from employment on the basis that Defendant Shinseki had proved its reasons for removing Plaintiff from employment by a preponderance of the evidence and that her removal promotes the efficiency of the service, and found that Plaintiff had failed to carry her burden of proving that Defendant Shinseki's decision to remove her was the result of gender discrimination against her.

35.     The Final Order of the Merit Systems Protection Board lacks substantial evidence and is based upon substantial errors of law, which include the following:

    a.     The Merit Systems Protection Board found that Plaintiff failed

to properly secure her police weapon, the PR-24 side-handle police baton. However, it failed to consider Plaintiff's state of mind at the time she laid her baton on the table in the officers' locker room before she went home.

        b.    The Merit Systems Protection Board found that Plaintiff made a false statement by telling Chief Heusohn that she was standing in the parking bay "with her back to the glass door" that was once the entry to the Emergency Room. As such, Plaintiff could not have intentionally or affirmatively attempted to mislead Chief Heusohn. The Merit Systems Protection Board therefore erred when it found that Plaintiff "knowingly supplied incorrect information with the intent to deceive or mislead" when she reported that she was standing with her back to the glass doors.

        c.    The Merit Systems Protection Board found that Plaintiff made various false statements in the context of the vehicle confrontation with Officer Vance, supporting his finding with the Camera 49 videotape recording of the scene of the confrontation. However, the Merit Systems Protection Board misstated the trajectory of Officer Vance's vehicle as it entered the area where Plaintiff was standing. Further, when the Merit Systems Protection Board sustained Specification 3, it necessarily relied upon the brief time that the light beams of the vehicle driven by Officer Vance appeared in the video.        d.    The Merit Systems Protection Board erred when it sustained the charge that Plaintiff had made false statements to her supervisor. It was improper for the Merit Systems Protection Board to infer an intent to defraud by Plaintiff in making factual statements concerning the incident with Officer Vance.

    e.  The Merit Systems Protection Board found that Plaintiff's removal "promotes the efficiency of the service." However, the Merit Systems Protection Board's decision is predicated on a finding that Plaintiff was affirmatively dishonest in reporting the motor vehicle incident. The factual basis for such a finding is lacking; while Plaintiff may have had a different interpretation of the incident with Officer Vance than did Chief Heusohn, this does not denote that she was dishonest, i.e. deceptive.

    e.  The Merit Systems Protection Board also incorrectly found facts underlying its finding that the Defendant Shinseki did not discriminate against Plaintiff on the basis of her gender in removing her. The Merit Systems Protection Board improperly found that she failed to prove her gender discrimination claim. With regard to the "Schanz Incident," The Merit Systems Protection Board improperly found that Plaintiff and Officer were not "similarly situated." With regard to the "Thomas Incident," the Merit Systems Protection Board improperly found that the compared officer was not "similarly situated." The Merit Systems Protection Board erred when it found that the PR-24 side-handle batons carried by the officers were identified with the officers to which they were assigned, and that Plaintiff's baton was found in Officer Thomas' vehicle. The Merit Systems Protection Board found that Plaintiff was not "similarly situated" to Officer Thomas, among other reasons, because she knowingly placed her baton on the locker room table, while Officer Thomas' fell off his duty belt without his knowledge. The Merit Systems Protection Board erred when it found that Defendant Shinseki did not discriminate against Plaintiff by accepting the version of the "Vance

incident" provided by the male employee Vance over that of Plaintiff.

    f..  The Merit Systems Protection Board found that Defendant Shinseki was justified in terminating Plaintiff for making three statements deemed false by Defendant Shinseki.  In doing so, the Merit Systems Protection Board correctly stated that Defendant Shinseki must prove by a preponderance that Plaintiff knowingly supplied incorrect information <u>with the intent to deceive or mislead</u>, citing several Merit Systems Protection Board decisions. However, the Merit Systems Protection Board then went on improperly to stretch matters of interpretation and perception into knowing deception.

    g.  The Merit Systems Protection Board also improperly dismissed the pattern of discriminatory conduct by Chief Heusohn that demonstrated gender bias.  The Merit Systems Protection Board found that Plaintiff failed to prove her gender discrimination claim.  However, the pattern of disparate treatment accorded Plaintiff, as a woman, as against that accorded male employees belies this.  Plaintiff's termination was only the latest in the series of actions taken by Defendant Shinseki against the only female officer, where similar action was not taken against male officers who committed similar offenses.

    h.  The Merit Systems Protection Board refused to consider the evidence of Chief Heusohn's inordinate and discriminatory interest in Plaintiff's gender-related medical issue.  Plaintiff was denied the right to present evidence of this issue, including a witness from Plaintiff's medical provider on this issue, which was not considered in the Merit Systems Protection Board's decision.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor, as follows:

1.  A judgment stating that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.;

2.  A judgment stating that the Final Order of the Merit Systems Protection Board lacked a substantial basis in law and fact;

3.  Awarding Plaintiff compensatory damages consisting of all the earnings, back wages, and fringe benefits Plaintiff would have received but for the discriminatory actions of Defendants;

4.  Awarding Plaintiff compensatory damages consisting of future pecuniary losses and damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, because of Defendants' unlawful actions;

5.  Ordering Defendants to reinstate Plaintiff to a position as a police officer with the Department of Veterans Affairs without loss of seniority;

6.  Awarding Plaintiff punitive damages;

7.  Awarding Plaintiff her reasonable attorney's fees and costs herein; and

8.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues herein that are triable.

Respectfully submitted,

JERALD A. HOCHSZTEIN, LLC

By: \_\_\_/s/ Jerald A. Hochsztein
Jerald A. Hochsztein #3407
Attorney for Plaintiff
230 South Bemiston, Suite 1200
St. Louis, MO 63105
314-862-3333 (phone)
314-862-0605 (fax)
jeraldhoch@yahoo.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that at copy of the foregoing First Amended Complaint was served upon the attorney for Defendants through the Court's CM/ECF system upon the following this 12th day of May 2009:

Wesley D. Wedemeyer
Assistant U.S. Attorney
1113 South 10th Street
Room 20.313
St. Louis, Mo 63102