```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

TINA R. RIGGS,                    )
                                  )
            Plaintiff,            )
                                  )
     v.                           )   Case No. 4:08CV998 FRB
                                  )
ERIK K. SHINSEKI, Secretary       )
Veterans Affairs, et al.,         )
                                  )
            Defendants.           )
```

**ORDER**

Presently pending before the Court is defendants' Motion *in Limine* (Doc. #54) and plaintiff's response thereto (Doc. #55). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). Plaintiff's claim of gender discrimination is presently set for jury trial on September 13, 2010.

Upon review of the parties' positions on the separate matters raised in defendants' instant motion, the undersigned makes the following determinations:

   1. *Allow Defendants' Statement of Uncontroverted Material Facts be entered into evidence at trial, marked as Government's Exhibit MM, and be read to the jury, without objection.*

Defendants' request should be denied. As noted by the defendants in this request, Local Rule 4.01(E) directs that "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically

controverted by the opposing party."  Although plaintiff did not respond to defendant Shinseki's Motion for Summary Judgment previously filed in this case, defendant Shinseki's Statement of Uncontroverted Material Facts may be deemed admitted only *for purposes of that summary judgment motion.*  Such limited admission is especially significant here given that defendant Shinseki's Motion for Summary Judgment was directed to only plaintiff's administrative claim as raised in Count II of her Complaint, and not to the claim of gender discrimination which is the only claim to be tried to the jury in this case.

To the extent plaintiff concedes that certain paragraphs of defendant Shinseki's Statement of Uncontroverted Material Facts may be read to the jury, the undersigned determines to avoid this disorganized and potentially confusing method of presenting stipulated facts to the jury.  Instead, the parties shall be permitted to file an Amended Joint Stipulation of Uncontested Facts not later than **Friday, September 10, 2010**, which shall be substituted for and considered in lieu of the parties' Joint Stipulation of Uncontested Facts filed August 16, 2010 (Doc. #39), and which may be read to the jury in the form presented.  Any Amended Joint Stipulation of Uncontested Facts is for purposes of trial on plaintiff's claim of gender discrimination as raised in Count I of her Complaint, and will not be considered for any other purpose.

> 2. *Marie Cabello, Durward Hurst, and Cynthia Rolfingsmeier are listed as witnesses Plaintiff may call and should be excluded from testifying in this case.*

To the extent defendants request that testimony of Marie Cabello be excluded, the request should be denied. Upon review of the information presently before the Court, the undersigned finds the anticipated testimony of witness Cabello to be relevant to plaintiff's claim of gender discrimination. To the extent defendants request that testimony of Durward Hurst and Cynthia Rolfingsmeier be excluded, the defendants' request should be granted. Defendants aver, and plaintiff admits, that plaintiff failed to previously disclose these witnesses as required by Fed. R. Civ. P. 26(a)(1). Plaintiff contends that such failure to disclose was merely inadvertent. Other than citing this inadvertence, plaintiff provides no argument or explanation demonstrating that her failure to timely disclose these witnesses was substantially justified or harmless. Nor does plaintiff respond to defendants' argument that the admission of testimony from these witnesses would prejudice the defendants with respect to their trial preparation, including cross examination. Finally, the undersigned notes that plaintiff fails to describe in any way the testimony anticipated to be adduced from witnesses Hurst and Rolfingsmeier, thereby failing to demonstrate the importance of the information or testimony to plaintiff's case. In light of these circumstances, the trial testimony of witnesses Durward Hurst and

Cynthia Rolfingsmeier should be excluded.  See Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008).

> 3. *Al Repetto is listed as a witness Plaintiff may call and should be excluded from testifying in this case.*

Defendants' request should be denied without prejudice. Arguments as to relevance, alleged hearsay statements, or other specific objections to witness Repetto's testimony may be raised at trial.

> 4. *Any evidence, testimony, or argument regarding Plaintiff's Exhibit Plaintiff's Exhibit [sic] 14 of her may call list must be excluded: the undated, Report of Contact for EEOC Rebuttal, authored by Al Repetto, discussed above in paragraph 3.*

Defendants' request should be denied without prejudice to be reasserted at trial.

> 5. *Defendants move to exclude any reference to or request for punitive damages by the Plaintiff.*

Defendants' request should be granted.  The undersigned notes that plaintiff did not respond or otherwise object to the instant request.  Nevertheless, as averred by defendants, an award of punitive damages is unavailable to Title VII plaintiffs bringing employment discrimination claims against government agencies.  42 U.S.C. § 1981a(b)(1); see also Beth v. Espy, 854 F. Supp. 735, 737, 737 n.4 (D. Kan. 1994) (citing Stafford v. Briggs, 444 U.S. 527, 542 n.10 (1980)).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion *in Limine*

(Doc. #54) is granted in part, denied in part, and denied in part without prejudice.

**IT IS FURTHER ORDERED** that any Amended Joint Stipulation of Uncontested Facts shall be filed not later than **Friday, September 10, 2010**.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _7th_ day of September, 2010.